UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                          :

**MOMEN MAHMOUD MOUSSA**,
                          :

             Plaintiff,    :   **MEMORANDUM AND ORDER**

       – against –       :   22-CV-4625 (AMD) (SJB)
                          :

**BARACK OBAMA, CHRISTOPHER WRAY**,
                          :

            Defendants.   :

---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On August 8, 2022, the plaintiff filed an amended complaint alleging that players and coaches on the "Brooklyn College Men's Soccer team" sexually assaulted and drugged him in September 2007.  (ECF No. 8 ¶ 5.)  He tried reporting the incident to the Federal Bureau of Investigation ("FBI"), which did not take the plaintiff's allegations "seriously."  (*Id.* ¶ 15.) Instead, the FBI "started an investigation into Donald Trump and the plaintiff and instigated Russian involvement by taking a Russian Ambassador's daughter hostage because she was friends with the plaintiff."  (*Id*.)  The plaintiff also described a 2009 "anti-terror operation" involving the Russian government and the FBI, which resulted in a shooting at a nightclub where the plaintiff, Donald Trump, Al Sharpton and Jesse Jackson were present.  (*Id.* ¶¶ 12–13.)  A "Special Forces team repelled down from a helicopter," and nearly shot the plaintiff, and "Barack Obama ordered a media blackout of the event."  (*Id.* ¶¶ 13–14.)

On October 24, 2022, I dismissed the plaintiff's amended complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  (ECF No. 9.)  Before the Court is the

plaintiff's motion for my recusal and for reconsideration of the October 2022 order.  (ECF No. 11 at 1.)  For the reasons that follow, the plaintiff's motion is denied.

The plaintiff requests that I recuse myself from this action because I am "a Barack Obama appointee with strong ties to the Democratic Party."  (*Id.*)  According to the plaintiff, my previous order dismissing this case is evidence of my partiality because his "allegations . . . [were] easily provable with simple depositions."  (*Id.*)  My order was thus a "strategic dismissal designed to delay the matter from reaching the public eye."  (*Id.*)  The plaintiff also cites Judge Swain's decision to transfer this case from the Southern District to the Eastern District instead of dismissing it outright, which he says shows that I am not impartial.  (*Id.* at 3.)

Motions for recusal are made pursuant to 28 U.S.C. §§ 144 or 455.  Section 144 motions require a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [the plaintiff] or in favor of [the] adverse party."  28 U.S.C. § 144.  "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard."  *Id.*  Because the plaintiff did not file such an affidavit, I construe his request as a § 455 motion, "which has no timeliness requirement," *United States v. Wallach*, 788 F. Supp. 739, 742 (S.D.N.Y.), *aff'd*, 979 F.2d 912 (2d Cir. 1992).

Section 455 requires recusal generally "in any proceeding in which [the judge's] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), as well as under the following specific circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

> (ii) Is acting as a lawyer in the proceeding;

> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* § 544(b).  The plaintiff does not allege any specific facts that would mandate my recusal under § 544(b), so I interpret his motion to argue that I must recuse myself under § 455(a), because my "impartiality might reasonably be questioned."  The relevant question under § 455(a) is "whether an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal."  *United States v. Oluwafemi*, 883 F. Supp. 885, 890 (E.D.N.Y. 1995) (citing *DeLuca v. Long Island Lighting Co., Inc.*, 862 F.2d 427, 428–29 (2d Cir. 1988)).  Determination of that inquiry is committed to the sound discretion of the judge whose disqualification is sought.  *Id.* (citing *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)).  "Where grounds for recusal do not exist, the judge is obligated not to recuse herself."  *Id.* (citing *Drexel,* 861 F.2d at 1312; *Wolfson v. Palmieri*, 396 F.2d 121, 124 (2d Cir. 1968)).

The motion for recusal is denied.  The plaintiff alleges that my decision to dismiss his case without discovery is evidence of bias.  But a judge's "rulings and conduct" during the case "cannot be used to substantiate a recusal motion."  *United States v. Occhipinti*, 851 F. Supp. 523,

526 (S.D.N.Y. 1993).  Nor does Judge Swain's decision to transfer rather than dismiss this case mean that she thought the plaintiff's case had merit.  Judge Swain did not make any determinations as to the merits of the plaintiff's claim; she concluded only that "venue lies in the . . . Eastern District" because the plaintiff's "claims arose in Kings County."  (ECF No. 5 at 2.)

Finally, the plaintiff's speculation about my allegiance to the Democratic Party does not support his motion.  The Second Circuit has long rejected the argument that a judge is partial "solely because" the lawsuit implicates a president who appointed her or the president's political party.  *Nwoye v. Obama*, No. 22-1253, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023) (quoting *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 138 F.3d 33, 38 (2d Cir. 1998)).  As the court explained, "[j]udges generally have political backgrounds to one degree or another but must be presumed, absent more, to be impartial." *Id.* (quoting *MacDraw*, 138 F.3d at 38).  And the plaintiff alleges no facts suggesting I have any such allegiance.  *See Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.*, 757 F. Supp. 2d 253, 255 (W.D.N.Y. 2010) ("A judge should not recuse himself on unsupported, irrational or highly tenuous speculation, and has as much of an obligation not to recuse himself when it is not called for as he is obliged to when it is." (quoting *United States v. LaMorte*, 940 F. Supp. 572, 576–77 (S.D.N.Y. 1996))).  The plaintiff's motion for recusal is therefore denied.

The plaintiff also moves for "reconsideration of a dismissal ordered over this case as well as the sister case Moussa v Sullivan 22 CV 3709." (ECF No. 11 at 1.)  A motion for reconsideration may be granted "only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hollander v. Members of the Bd. of Regents of the Univ. of the State of New York*, 524 F. App'x 727, 729 (2d Cir. 2013) (internal quotation marks

and citation omitted).  The plaintiff offers no reason to reconsider the order in this case—all of

his arguments pertain to 22-CV-3709.  I will address those arguments on the appropriate docket.

## CONCLUSION

The plaintiff's motion for recusal and reconsideration is denied for the reasons stated

above.  The case remains closed.  The Clerk of Court is respectfully directed to mail a copy of

this Order to the plaintiff at the address he provided and note the mailing on the docket.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
          February 6, 2023